UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAY LAWHON,

                Petitioner,

  v.

HARLEY G. LAPPIN,

                Respondent.

Case No. C12-834-JLR-BAT

**REPORT AND RECOMMENDATON**

In this 28 U.S.C. § 2241 habeas action, Jay Lawhon requests the Court order the Bureau of Prisons ("BOP") to (1) credit the time he served since his arrest by state authorities against the sentence imposed by the United States District Court for the District of Montana, and to (2) credit his state sentence against his federal sentence. Dkt. 1. As discussed below, the Court recommends the petition be **DENIED** and the matter be **DISMISSED** with prejudice.

**BACKGROUND**

Mr. Lawhon's petition appears before the Court after a circuitous journey. The petition alleges in 2003, Mr. Lawhon was arrested by state authorities and charged in the Montana state courts for theft. Dkt. 1. Before that matter was adjudicated, a writ ad prosequendum was issued and he appeared before the United States District Court for the District of Montana to face felon in possession of a firearm charges. *Id.* Mr. Lawhon pleaded guilty to the felon in possession

REPORT AND RECOMMENDATON- 1

charges and was sentenced on Janaury 26, 2005, to 87 months of imprisonment, three years of supervised release, and $100.00 in special assessments. *Id.*

After he was sentenced, he was returned to Montana State authorities where he pled guilty under a plea agreement that his state sentence run concurrently with his federal sentence. *Id.* Mr. Lawhon alleges although the state court ordered him returned to federal custody, federal authorities "refused to take 'first jurisdiction' over him. As a consequence, he was sent to the Montana State prison system to begin serving his state sentence. *Id.*

Mr. Lawhon contends after he was paroled from his state sentence on March 1, 2006, he was delivered to the BOP to begin serving the 87 month federal sentence imposed by the U.S. District Court in Montana. In 2010, he filed the present § 2241 petition in the District of Columbia, even though he was incarcerated at the Federal Correctional Institute in Sandstone, Minnesota. In January, 2012, the District of Columbia transferred the petition to the District of Minnesota as Mr. Lawhon was incarcerated in that district. Dkt. 3. On March 21, 2012, the District of Minnesota ordered the government to certify the cause of Mr. Lawhon's detention, the proper length of incarceration, and explain why the petition should not be granted. Dkt. 5.

In response, the government averred Mr. Lawhon was released from the 87 month sentence imposed by the District of Montana on March 23, 2012; that Judge Shanstrom of the District of Montana subsequently revoked Mr. Lawhon's supervised release on April 18, 2012, and imposed a term of six months of imprisonment; and that as of May 8, 2012, Mr. Lawhon was incarcerated at FDC SeaTac in Washington State. Dkt. 9. The government argued Mr. Lawhon's petition should be dismissed as moot because he had completed his 87 month federal sentence, and the Court thus could no longer grant him to relief he sought—credit for time served in state custody toward his federal sentence. Dkt. 8. The government also argued as Mr.

REPORT AND RECOMMENDATON- 2

1 Lawhon was no longer in the District of Minnesota, the Court lacked jurisdiction to adjudicate
2 his petition.
3    On May 14, 2012, the District of Minnesota ordered the petition transferred to this
4 District.  The Court noted although the petition was likely moot, it lacked jurisdiction to resolve
5 the matter.  Dkt. 11.  On May 22, 2012, Mr. Lawhon filed a request asking this Court not to
6 dismiss his petition as moot.  Dkt. 16.  He contended since 2010 when he filed the petition, his
7 case has been "shuffled around in the system" and that the issue of jurisdiction over his petition
8 and the merits of claims should be resolved.  *Id.*

## DISCUSSION

10    The Court agrees Mr. Lawhon's petition should be resolved but disagrees it should not be
11 dismissed.  As discussed below, the petition raises meritless claims and should be dismissed.
12 Additonally, as the claims are meritless, and Mr. Lawhon has served the entire 87 month
13 sentence imposed by the U.S. District Court of Montana, his petition is moot.

14 **A.   The Court has jurisdiction over the petition**

15    The Court has jurisdiction over Mr. Lawhon's § 2241 petition because he is confined in
16 this District at FDC SeaTac.  *See Rumsfield v. Padilla*, 542 U.S. 426, 443 (2004).

17 **B.   The claims raised are moot**

18    Although Mr. Lawhon has served the 87 month federal sentence he challenges, this does
19 not automatically moot his claims.  "A challenge to a term of imprisonment is not mooted by a
20 petitioner's release where the petitioner remains on supervised release and '[t]here is a
21 possibility that [petitioner] could receive a reduction in his term of supervised release.'"
22 *Reynolds v. Thomas*, 603 F.3d 1144, 1148 (9th Cir. 2010) (citations omitted).  Mr. Lawhon
23 began his three year term of supervised release in 2012.  Thus if there is a possibility the

REPORT AND RECOMMENDATON- 3

sentencing court could reduce Mr. Lawhon's term of supervision based on his § 2241, the petition is not moot. However, as discussed below, as Mr. Lawhon's claims lack merit, this possibility does not exist and the petition is thus moot and should be dismissed.

C.     **The claims raised in the § 2241 petition**

   1.     *Mr. Lawhon is not entitled to credit for time served since the date of his arrest by state authorities*

In 2003, Mr. Lawhon was arrested by state authorities and charged with theft. He later appeared in federal court via a writ of habeas corpus writ of habeas corpus ad prosequendum. He claims under these circumstances, the state relinquished "primary jurisdiction" to federal authorities and that he is therefore entitled to credit for all time served since his arrest by state officials. Dkt. 1 at 7. This argument is meritless. As Mr. Lawhon came into federal custody pursuant to a writ of habeas corpus ad prosequendum, he remained subject to the state's jurisdiction during the time he spent in federal custody pursuant to the writ. *See Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1992). Time credits earned during that period thus apply only to Mr. Lawhon's state sentence and cannot be credited towards his federal sentence. *See* 18 U.S.C. § 3585(b); *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998) (noting that section 3585(b) disallows double crediting of time served). Accordingly, Mr. Lawhon's claim that BOP be ordered to recalculate his federal sentence and award him an additional 10 months and 23 days lacks merit and should be dismissed.

   2.     *The BOP did not err in failing to credit Mr. Lawhon's state sentence against his federal sentence*

Mr. Lawhon was first sentenced in the United States District Court. After he was sentenced, he pled guilty in state court and contends the state court ordered his state sentence to run concurrently to his federal sentence. Dkt. 1 at 3. However, because federal authorities

REPORT AND RECOMMENDATON- 4

declined to take "first jurisdiction" over him, he began serving his state sentence first. *Id.* As a result, he argues that rather than serving concurrent sentences, he served his entire state sentence, and then upon release from state confinement, consecutively served his entire federal sentence.

Mr. Lawhon argues because a district court lacks "jurisdiction to make a federal sentence consecutive to a 'a yet-to be-imposed' state sentence, neither does the BOP. *Id.* at 6. Based on this logic, he contends he should be "granted all credit for all time spent in State custody serving his concurrent State sentence." *Id.* There is no merit to this argument.

First, under 18 U.S.C. § 3584, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently." Although this is the general rule, Mr. Lawhon is correct a federal court cannot order a sentence to run either consecutively or concurrently to a non-existent term. *See Taylor v. Sawyer*, 284 F.3d 1143, 1150 (9th Cir. 2002); and 18 U.S.C. § 3584. But, there is nothing in the record showing the federal court that sentenced him imposed a consecutive sentence, and hence nothing supporting Mr. Lawhon's claim the sentencing court erred in imposing a "consecutive" sentence to a "yet-to-be-imposed" sentence.

Additionally, to the extent Mr. Lawhon is challenging the legality of the sentence imposed, this Court has no jurisdiction over the matter. To challenge the legality of the sentence imposed, he must file a 28 U.S.C. § 2255 motion in the sentencing court, i.e., the District of Montana, not this court. By noting where a § 2255 motion must be filed, this Court is not suggesting Mr. Lawhon has valid § 2255 claims or that the statute of limitations that might bar a § 2255 motion is inapplicable. The Court is simply indicating claims attacking the legality of the sentence imposed in the District of Montana cannot be brought in this district.

Second, there is no merit to Mr. Lawhon's contention that because the state court ordered

REPORT AND RECOMMENDATON- 5

the state sentence to run concurrently with the federal sentence, the BOP was bound by this ruling. This argument was rejected by the Ninth Circuit in *Taylor v. Sawyer, supra.* In *Taylor*, a defendant in state pre-trial custody appeared before a federal court on a writ ad prosequendum, and was sentenced to a term of imprisonment. *Id.* at 1146. After he was sentenced, Taylor was returned to state authorities and sentenced to a term of state imprisonment to run concurrently with the federal sentence. *Id*. The federal sentencing court denied Taylor's request for an order giving him credit for time served in state prison, and also declined to recommend that the BOP issue a nunc pro tunc order designating the state prison as the place to serve his federal sentence. *Id*.

The Ninth Circuit affirmed the denial of Taylor's petition for habeas corpus, holding the BOP had no obligation to implement a state's concurrency order. *Id*. at 1149-50. The Appeals Court further held it was within BOP's discretion to decline to issue such an order, explaining that "we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy." *Id*. at 1149. Accordingly, there is no basis to grant Mr. Lawhon's request that the BOP be ordered to recalculate his federal sentence and award him all credit for all time spent in state custody serving his state prison sentence.

In sum, as none of Mr. Lawhon's claims have any merit, the §2241 petition should be denied and the matter should be dismissed with prejudice.

**E.      Certificate of Appealability**

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. The requirement Mr. Lawhon obtain a Certificate of Appealabilty ("COA") turns on whether his petition is a legitimate § 2241 petition, or a disguised § 2255 petition. If it is a legitimate § 2241 petition, i.e., one that challenges only

the manner in which his sentence is being implemented, Mr. Lawhon is not required to obtain a COA in order to appeal the denial of his § 2241 petition. *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008).

Although parts of Mr. Lawhon's petition arguable raise claims that can only be brought through a § 2255 petition—such as the claim the sentencing court lacked jurisdiction to impose a consecutive sentence—the thrust of the petition challenges the manner in which the sentence was impleted. Accordingly, the Court views the petition as a legitimate § 2241 petition and concludes Mr. Lawhon should not be required to obtain a COA to appeal the dismissal of this matter.

## CONCLUSION

For the foregoing reasosn, the Court recommends **DENYING** the habeas petition and **DISMISSING** this matter with prejudice. An evidentiary hearing is unnecessary because the record refutes Mr. Lawhon's claims. It is further recommended the Court find Mr. Lawhon's petition is a legitimate § 2241 petition and that he is therefore not required to obtain a COA in order to appeal this matter. A proposed order is attached.

Any objections to this Recommendation must be filed no later than **August 28, 2012.** The Clerk shall note the matter as ready on **August 31, 2012,** for the Court's consideration. Objections shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 7th day of August, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATON- 7